UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JAMES M VANIDESTINE,

    Plaintiff,

v.                                                               Case No. 18-C-1776

MARINETTE COUNTY JAIL, et al. ,

    Defendants.

## ORDER

The plaintiff, a prisoner who is currently representing himself, has filed a civil action. The plaintiff has also filed a motion for leave to proceed without prepaying the full filing fee, or to proceed *in forma pauperis*. The cost of filing a civil action in federal court is $400.00, which includes the $350.00 statutory filing fee and a $50.00 administrative fee. The $50.00 administrative fee does not apply to persons granted *in forma pauperis* status. The Prison Litigation Reform Act (PLRA) requires prisoner plaintiffs proceeding without prepayment of the filing fee (*in forma pauperis*) to pay the $350.00 statutory filing fee over time. *See* 28 U.S.C. § 1915(b)(1).

Under the PLRA, the court must assess an initial partial filing fee of twenty percent of the average monthly deposits to the plaintiff's account or average monthly balance in the plaintiff's prison account for the six-month period immediately preceding the filing of the complaint, whichever is greater. *Id.* After the initial partial filing fee is paid, the plaintiff must make monthly payments of twenty percent of the preceding month's income until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). "The agency having custody of the prisoner shall forward payments from the prisoner's account to the Clerk of the Court each time the amount in the account exceeds $10 until

the filing fees are paid." *Id.* The amount of the filing fee can be recovered as part of the costs of the action in the event the plaintiff ultimately prevails.

The plaintiff filed a certified copy of his prisoner trust account statement for the six-month period immediately preceding the filing of the complaint as required under 28 U.S.C. § 1915(a)(2). A review of this information reveals that, for the six-month period immediately preceding the filing of the complaint, the average monthly deposit in the plaintiff's prison account was $106.77 and the average monthly balance to the account was $46.66. Thus, in accordance with the provisions of 28 U.S.C. § 1915(b)(1), the plaintiff is required to pay an initial partial filing fee of $21.35.

The PLRA also provides that, if a prisoner files more than three actions or appeals which are dismissed as frivolous, malicious, or for failure to state a claim upon which relief can be granted, the plaintiff will be prohibited from bringing any other actions *in forma pauperis* unless the plaintiff is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). In the event this action is later dismissed for any of the above reasons, it may have an impact on the plaintiff's ability to bring other actions *in forma pauperis*. The court will not screen the complaint until the plaintiff pays the initial partial filing fee. Accordingly, the plaintiff will be afforded an opportunity to voluntarily dismiss this action to avoid incurring a "strike" under § 1915(g).

**Notice to Plaintiff.** If you do not wish to proceed with this action to avoid incurring a "strike" under § 1915(g) or do not wish to pay the filing fee as set forth in this Order, you must notify the court by filing a letter with the Clerk of Court on or before 21 days from the date of this order. If you write such a letter, this case will be dismissed without prejudice. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

If the plaintiff proceeds, the plaintiff is advised that the complaint will be screened, and even if it is immediately dismissed because it fails to state a claim upon which relief can be granted or for any other reason, the court will not refund the plaintiff's initial partial filing fee. The plaintiff will still be required to pay the entire $350 filing fee and risk incurring a strike.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the plaintiff is assessed $21.35 as an initial partial payment of the $350.00 fee for filing this case. On or before 21 days from the date of this order, the plaintiff is to submit a check or money order made payable to the Clerk of Court in the amount of $21.35 or advise the court in writing why the plaintiff is not able to submit the assessed amount. **To the extent the plaintiff does not have enough money in his regular account to make the initial partial payment, the plaintiff is responsible for making arrangements with authorities to pay the remainder of the *initial partial filing fee* from the plaintiff's release account. The plaintiff is advised that the language of 28 U.S.C. § 1915(b)(1) suggests that a prisoner's release account may be invaded to satisfy an initial partial filing fee *only if insufficient funds are available in his regular account. See Carter v. Bennett*, 399 F. Supp. 2d 936, 936–37 (W.D. Wis. 2005).**

**IT IS FURTHER ORDERED** that, if within 21 days from the date of this order the plaintiff fails to make the initial partial payment or show cause for failure to do so, the plaintiff will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to the plaintiff filing this case at a later date. Voluntary dismissal will not be counted as a "strike" under § 1915(g).

**IT IS FURTHER ORDERED** that a copy of this order be sent to the officer in charge of the agency where the inmate is confined.

3

**IT IS FURTHER ORDERED** that no further action will be taken in this case until the clerk's office receives the plaintiff's initial partial filing fee as directed above and the court has screened the complaint as required by the PLRA, 28 U.S.C. § 1915A. Once the screening process is complete, a separate order will issue.

Dated this   15th   day of November, 2018.

s/ William C. Griesbach  
William C. Griesbach, Chief Judge  
United States District Court